JAMES McDANIEL'S ADMX. ET AL. *v.* JOHN H. CLEMENTS ET AL.

**Construction of Will.**

Where a devisor gives to his wife the accrued dividends which ex-

isted at his death, or that might thereafter accrue on twenty shares of bank stock in a named bank, his object was to invest her with the dividends or the interest on the shares of stock during her lifetime, without regard to the cessation of business by the bank; and when such shares are reduced to cost she should have their proceeds and be required to give bond for the purpose of securing the principal to those owning the shares subject to her life estate, and if such bond is not given the principal should be placed in the hands of a receiver.

## APPEAL FROM DAVIESS CIRCUIT COURT.

### March 8, 1881.

Opinion by Judge Hargis:

The will of B. J. McDaniel gave to his wife, Malinda McDaniel, among other property, the accrued dividends which existed at his death or that might accrue thereafter on twenty shares of bank stock in the Southern Bank. The object of the testator was to invest her, as a means of annual support, with the dividends or interest which had accrued on the twenty shares of stock, and which might be produced by it during her lifetime without regard to the cessation of business by the bank.

It was the duty of the court to require her to give bond, for the purpose of securing the principal of the money which came to her hands as the proceeds of the twenty shares of bank stock exclusive, or the dividends or interest thereon, to the representatives and creditors of the deceased son and the daughter, who are entitled to it at her death. Upon her failure to execute such bond the court should have required its payment into court, and placed the same in the hands of an intelligent receiver, with directions to loan or invest the money with safe security, at a rate of not less than six per cent. interest, and for the highest conventional rate if it could safely be done, so as to be able to collect and pay to her the interest annually, during her life.

It was error to order a sale, destruction or alteration of the principal fund from which the testator intended to secure to her the annual dividends, as long as it remained bank stock, and thereafter the annual interest during the remainder of her life. Vouchers containing the objectionable words, "just claims," were that far illegal, and on the return of the cause they will be rejected unless

7

vouchers in conformity to law are filed within a reasonable time after an opportunity shall have been given for that purpose.

Wherefore the judgment is reversed and cause remanded for further proceedings consistent with this opinion.

*Weir, Weir & Walker, for appellants.*

*W. N. Sweeney, Owen & Ellis, for appellees.*

Wherefore the judgment is *reversed* and cause remanded with